**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael L. LANDERS, Defendant–**
**Appellant.**

**No. 02–3542.**

United States Court of Appeals,
Sixth Circuit.

Jan. 28, 2003.

Before NELSON and CLAY, Circuit Judges; and HAYNES, District Judge.*

---

* The Honorable William J. Haynes. Jr. United States District Judge for the Middle District of Tennessee, sitting by designation.

## ORDER

This is a direct appeal from a criminal judgment and commitment order. Counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 2, 1998. Michael Laverne Landers was indicted on three counts of illegal cocaine dealing. Landers pleaded guilty to a charge of possession of crack cocaine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1). The court sentenced him to a 151 month term of imprisonment and a four year period of supervised release. Landers did not take a direct appeal from this judgment.

Landers subsequently filed a motion to vacate sentence in which he claimed, in part, that his trial counsel had been constitutionally ineffective in neglecting to perfect a direct appeal from the conviction. The district court vacated the original judgment, initiated a new sentencing procedure, and ultimately re-sentenced Landers to the same punishment. Landers took a direct appeal from the new judgment. Counsel for Landers filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit, and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Landers was indicted after engaging in a series of crack cocaine sales with undercover police officers. He has never seriously contested his factual guilt. Landers was provided counsel and he entered into a plea agreement shortly thereafter. The plea agreement contemplated that Landers would plead guilty to Count 3 of the indictment, a charge carrying with it a mandatory minimum sentence of five years impris-onment and a maximum exposure of forty years. Landers was to admit to the offense and cooperate as requested by the prosecution. In exchange, the prosecution agreed to move for sentencing reductions based on his acceptance of responsibility and for a downward departure based on his cooperation.

Before accepting Landers' plea, the district court addressed the defendant in open court and strictly adhered to the dictates of Criminal Rule 11 in ascertaining Landers's 1) competence to offer the plea. 2) his knowledge of the constitutional rights he was forfeiting by offering his plea, 3) his knowledge of the charge against him and the range of possible punishments, and 4) the voluntary nature of the plea. The matter was then set over pending completion of a pre-sentence report.

The initial sentencing took place on May 18, 1999, at which time the district court concluded that Landers's base offense level was twenty-nine and his criminal history was VI. This resulted in a guideline range of 151–188 months. The court imposed a sentence at the bottom of that range. Landers did not take an appeal.

Landers subsequently moved to vacate his sentence, claiming that his failure to perfect a direct appeal was the result of his trial attorney's having disregarded instructions to file a notice of appeal. The district court responded by vacating the original judgment and directing that a new sentencing process, with new counsel, should go forward. A supplement to Landers' pre-sentence report was prepared, and Landers raised objections to his classification as a "career offender" and to the calculation of his criminal history category. Landers also suggested that the court could reduce his sentence in recognition of his having undergone a dramatic change for the better as a result of his incarcera-

tion. Rejecting each of Landers' arguments, the court arrived at the same guideline range and criminal history as in the original sentencing and meted out the same punishment.

Counsel's first arguable issue for appellate review is that the district court may have improperly relied upon un-counseled convictions in concluding that Landers was a career offender under USSG § 4B1.1. An examination of the sentencing transcript shows that this claim was not raised below. The district court was faced with an objection to the § 4B1.1 designation, but the objection was based on the designation having, as a predicate "controlled substance offense," an Ohio conviction for attempted "aggravated trafficking." The district court properly noted that the application notes to Section 4B of the guideline specifically define "controlled substance offense" as including the offenses of aiding and abetting, conspiring, and *attempting* to commit such offenses. USSG § 4B1.2. comment. (n.1) (emphasis added).

The second arguable issue is that the district court may have erred in declining to grant a downward departure in Landers's sentence because of "sentencing manipulation" by the government or the possible overstatement of the seriousness of Landers's criminal history. (It is noted that the Sixth Circuit has yet to adopt the concept of "sentencing manipulation," or the continued purchase of illicit drug quantities so as to drive up the sentencing exposure of the defendant. See *United States v. Watkins*, 179 F.3d 489, 503 n. 14 (6th Cir.1999); *United States v. Jones*, 102 F.3d 804, 809 (6th Cir.1996).) The district court considered the departure request by Landers, but declined to effect the departure. The refusal to depart downward is not reviewable on appeal unless the district court did not recognize that it had the discretion to depart. *United States v. Prince*, 214 F.3d 740, 766 (6th Cir.2000).

There is no indication of record that the district court labored under this misapprehension.

The third arguable issue raised is that the district court erred in relying on the Ohio attempted aggravated trafficking conviction as a predicate offense under USSG § 4B1.1 This is plainly meritless in light of the discussion of the first arguable issue.

Finally, Landers contends that the district court erred in failing to articulate its reasons for not granting a downward departure based on Landers' having become a "changed man" during his incarceration. The Sixth Circuit has held that a district court may depart downward to account for post-conviction (or "post-sentence") rehabilitation "when '[such rehabilitation] is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.'" *United States v. Rudolph*, 190 F.3d 720, 725 (6th Cir.1999) (quoting *Koon v. United States*, 518 U.S. 81, 96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)). A recent amendment to the Sentencing Guidelines, however, eliminated this basis for a downward departure as of November 1, 2000. See USSG § 5K2.19.App. C. amendment 602. In general, a district court must apply the version of the guidelines in effect at the time of sentencing if it does not result in a higher range than the original sentence. See 18 U.S.C. § 3553; USSG § 1B1.11(a). The elimination of the mere possibility of the extraordinary relief contemplated in *Rudolph* did not result in an impermissibly higher punishment to Landers. This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C). Rules of the Sixth Circuit.